IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE        )
                                 )
      v.                   )      Case No. 1405019691
                                 )
SAMUEL MOYER,         )
                                 )
      Defendant.     )

Submitted:  December 14, 2015
Decided:  December 17, 2015

**ORDER**

COMES this 17th day of December, 2015, the Court finds and decides as follows:

1.      Samuel Moyer was arrested on May 23, 2014 at 414 E. Cleveland Avenue, City of Newark, State of Delaware for the offenses of Possession of Marijuana, in violation of Title 16, *Section 4714 (d)(19)*; Possession of Drug Paraphernalia, in violation of Title 16, *Section 4771(a)*, and Driving While Under the Influence of Drugs, in violation of Title 21, *Section 4177(a).*

2.      Moyer was taken to Justice of the Peace Court No. 11 and scheduled for arraignment on May 24, 2014.  The Justice of the Peace Court No. 11, on that date, transferred the case to the Court of Common Pleas in and for New Castle County.

3.      On July 28, 2014, Moyer signed a prior plea agreement entering a plea of not guilty and waived his right to trial by jury.

4. The case was scheduled for trial November 6, 2014, but rescheduled at Defendant's request.

5. The case was rescheduled several times, and on July 22, 2015, Moyer filed a motion to dismiss on grounds that the repeated delay violated his right to a prompt and speedy trial. The Court deferred decision on the motion pending resolution of a case in the Superior Court involving similar issues.

6. On December 14, 2015, the Court having conducted a complete review of the case, discovered the offenses occurred in the City of Newark.

7. The language of 11 Del. C. § 5303 provides that:

> "[The accused in all criminal cases in which there is a possibility that a period of incarceration may be imposed or the maximum fine is $100.00 or more where a Justice of the Peace Court alderman or mayor of an incorporated city or town, except the City of Newark, in the county where the charge is brought has jurisdiction and power to hear and finally determine the matter, may elect at any time prior to day of trial to have the case tried by the Court of Common Pleas] . . .

8. Therefore, since the offenses are alleged to occur in the City of Newark, pursuant to 11 Del. C. § 5303, the charges against Mr. Moyer must be filed in the City of Newark. Therefore, this Court lacks jurisdiction in this matter.

9. Under *Title10, Section 1902A(c)*, no criminal action . . . brought in any Court of this State shall be dismissed solely on the grounds that such court is without criminal jurisdiction. Such proceedings shall be transferred to the court which has criminal jurisdiction.

2

Accordingly, these proceedings are hereby transferred to the Newark Alderman Court.

SO ORDERED

_____

Alex J. Smalls
Chief Judge

Moyer-ORD  Dec 2015

cc: Alderman Court No. 40
    Newark, DE

    Erika Flascher, Esquire
    Anthony A. Figliola, Esquire